## MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



FILED

Apr 29 2016, 8:51 am

CLERK
Indiana Supreme Court
Court of Appeals
and Tax Court

ATTORNEY FOR APPELLANT

R. Patrick Magrath
Alcorn Sage Schwartz & Magrath, LLP
Madison, Indiana

ATTORNEYS FOR APPELLEE

Gregory F. Zoeller
Attorney General of Indiana

Lyubov Gore
Deputy Attorney General
Indianapolis, Indiana

## IN THE
# COURT OF APPEALS OF INDIANA

Ryan James Shelley,
*Appellant-Defendant,*

v.

State of Indiana,
*Appellee-Plaintiff*

April 29, 2016

Court of Appeals Case No.
40A04-1510-CR-01709

Appeal from the Jennings Circuit Court

The Honorable Jonathan W. Webster, Judge

Trial Court Cause No.
40C01-1301-MR-001

**Bailey, Judge.**

# Case Summary

Ryan James Shelley ("Shelley") appeals his fifty-eight year sentence for murder,[1] asking this court to find his sentence inappropriate and revise it to the advisory sentence of fifty-five years.[2] We affirm.

# Facts and Procedural History

On December 27th, 2012, Shelley shook his girlfriend's infant daughter, causing her death. He was charged with murder,[3] battery resulting in death,[4] battery resulting in serious bodily injury,[5] aggravated battery,[6] and neglect of a dependent resulting in death.[7] Shelley pled guilty to murder as part of a plea agreement, providing that the court impose a sentence between fifty-five and sixty years and dismiss his other charges. The trial court sentenced Shelley to fifty-eight years imprisonment, ordered him to pay a hundred dollar fine, and dismissed his remaining charges. (App.172-74.) Shelley now appeals.

---

[1] Ind. Code § 35-42-1-1(1). Indiana's Criminal Code was substantially revised, effective July 1, 2014. At all times, we refer to the version of the criminal code in effect at the time of Shelley's offenses.

[2] I.C. § 35-50-2-3.

[3] I.C. § 35-42-1-1(1).

[4] I.C. § 35-42-2-1(a)(5).

[5] I.C. § 35-42-2-1(a)(4).

[6] I.C. § 35-42-2-1.5(1).

[7] I.C. § 35-46-1-4(b)(3).

# Discussion and Decision

[3] The authority granted to this Court by Article 7, § 6 of the Indiana Constitution permitting independent appellate review and revision of criminal sentences was implemented by the Indiana Supreme Court through Appellate Rule 7(B). We may "revise a sentence authorized by statute if, after due consideration of the trial court's decision, the court finds that the sentence is inappropriate in light of the nature of the offense and the character of the offender." Ind. Appellate Rule 7(B). The primary purpose in this type of review is to "leaven the outliers" and focus on the aggregate sentence for the crime(s) committed. *Caldwell v. State,* 895 N.E.2d 1219, 1125 (Ind. 2008).

[4] The nature of the offense gives us no reason to revise the sentence downward. Shelley pled guilty to murder of a child for whom he was in a position as caretaker.

[5] Turning to his character, Shelley has at least 14 criminal convictions (including two felonies) and one formal juvenile adjudication. His convictions include visiting a common nuisance, criminal mischief, battery, alcohol and drug possession, resisting law enforcement, sexual misconduct with a minor, and failure to register as a sex offender. While he expressed remorse, Shelley benefited from his plea agreement under which he received less than the maximum possible penalty.

# Conclusion

In light of Shelley's offense and his character, we conclude the sentence is not inappropriate.

Affirmed.

Bradford, J., and Altice, J., concur.